**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
State Bar of Nevada No. 009210
josht@hoflandlaw.com
228 South 4th Street, 1st Floor
Las Vegas, Nevada 89101
(702) 895-6760
(702) 731-6910 facsimile
*Attorney for Defendant*

# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD JOHN ACHREM<br><br>Defendant. | Case No.: 2:16-mj-00282-PAL<br><br><br>**DEFENDANT'S UNOPPOSED<br>MOTION FOR EXPUNGEMENT** |

COMES NOW Defendant, EDWARD JOHN ACHREM, by and through his attorney of record, Joshua Tomsheck of the law firm of Hofland & Tomsheck and hereby moves this Court (Unopposed) for an Order Granting Expungement.

## I.  RELEVANT FACTS AND PROCEDURAL HISTORY

On January 16, 2016, EDWARD JOHN ACHREM (hereinafter "Mr. Achrem") was arrested in the Lake Mead National Recreation Area for Driving under the Influence and Speeding. At the time of his arrest, Mr. Achrem had complied with all requests of law enforcement during their investigation. He was arrested for Driving under the Influence, *even though he submitted to a breath test and provided two (2) sample tests well below the legal limit of .08.* At the time of his arrest, Mr. Achrem had absolutely no history of any criminal arrest or conviction for any offense; criminal, traffic or otherwise. In addition, Mr. Achrem has been a practicing attorney and member in good standing of the Nevada State Bar since 1979, with no record of any disciplinary action. Mr. Achrem subsequently retained the undersigned to represent him in this matter.

On April 27, 2016, the Government charged Mr. Achrem by way of Criminal Complaint with one Count of Reckless Driving (Count 1) and one Count of Speed (Count 2). ***Mr. Achrem was never charged with Driving under the Influence.***

The Initial Appearance in this matter was held on May 25, 2016. Mr. Achrem was present with the undersigned counsel and entered a plea of Not Guilty. Bench Trial was set for July 13, 2016.

On July 13, 2016, the undersigned appeared on behalf of Mr. Achrem. This Court waived Mr. Achrem's appearance on that date and representations were made by the undersigned and counsel for the Government (Assistant United States Attorney Patrick Burns) that the matter was resolved, subject to the Government's provision of a Petty Offense Plea Agreement memorializing the negotiation.

On August 3, 2016, a Petty Offense Plea Agreement was filed in which Mr. Achrem entered a plea of guilty to Count 2 (Speed). (*See CMECF Docket No. 7).* Count 1 (Reckless Driving) was dismissed upon entry of plea pursuant to the Petty Offense Plea Agreement. Mr. Achrem admitted in his Petty Offense Plea Agreement that he was traveling approximately 56 miles per hour in a 35 mile per hour zone which was, in reality, the only factual predicate giving rise to a chargeable offense.

Pursuant to the Petty Offense Plea Agreement, specifically at paragraph 4(a), the parties recommended a fine in the amount of $750.00 and a mandatory $10 penalty assessment and that the Defendant attend and complete Traffic School. The Court imposed these sentencing requirements.

Pursuant to paragraph 4(b) of the Petty Offense Plea Agreement, "[s]hould the Court sentence the Defendant as recommended in Section 4(a), the parties agree that if the Defendant successfully completes conditions one and two, as specified in Section 4(a), the parties will jointly move to dismiss the **Count Two** – Speed. However, if the Defendant fails to complete the

conditions one and two, as specified in Section 4(a), then his conviction for Speed will remain in effect and the Defendant shall not seek to withdraw his guilty plea to **Count Two.**" In any event, Count 1 of the Complaint (Reckless Driving) was dismissed at the entry of plea.

At the Time he entered his plea to Count 2 of the Complaint Pursuant to the Petty Offense Plea Agreement on August 3, 2016, Mr. Achrem had already paid his fine and assessment totaling $760.00 and completed his traffic school. Pursuant to the Petty Offense Plea Agreement, Count Two was to be dismissed at that time.[1]

## II. LEGAL AUTHORITY

The Ninth Circuit held that a district court has the power to expunge the record of an unlawful arrest or conviction, or to correct a clerical error. *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). The district court has the power to expunge a criminal record to correct an unlawful conviction. *Id*. at 1012. While there is not a generalized federal expungement statute, and federal courts have no legislatively derived authority to expunge records of a valid federal conviction[2], Circuit Courts have held that Federal Courts have inherent or ancillary jurisdiction to expunge arrest records in extreme circumstances. *United States v. Schnitzer*, 567 F.2d 536, 539 (2nd Cir. 1977), *cert denied,* 435 U.S. 907, citing *United States v. Rosen*, 343 F. Supp. 804, 807 (S.D. N.Y. 1972). In determining whether such circumstances exist, courts have considered the "delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties." *Rosen* at 806. When evidence of actual innocence or improper government is brought to the Court's attention, expungement may be warranted. *United States v. Van Wagner*, 746 F. Supp. 619 (E.D. Va. 1990) (expungement appropriate where government conceded that indicted defendant was actually innocent after

---

[1] The Minutes of the Proceedings from August 3, 2016 incorrectly state that the plea was entered as to Count 1 of the Complaint and does not mention the dismissal of charges as occurred in Court.

[2] (See United *States v. Crowell*, 374 F.3d 790, 892-93 (9th Cir. 2004), cert. denied, 543 U.S. 1070 (2005).

**HOFLAND & TOMSHECK**
228 SOUTH FOURTH ST., FIRST FLOOR
LAS VEGAS, NEVADA 89101
P: (702) 895-6760 • F: (702) 731-6910

dismissing charges, and defendant proved he was suffering economic hardship because of record); *United States v. Johnson*, 714 F. Supp. 522 (S.D. Fla. 1989) (expungement of arrest record appropriate where court directed acquittal on ground of no probable cause, and "negative mark" of arrest record would likely jeopardize potential employment); *Natwig v. Webster*, 562 F. Supp. 225 (D.R.I. 1983); (expungement of arrest record from FBI files appropriate where plaintiff was never indicted and record might jeopardize plaintiff's planned emigration to Australia); *Menard v. Saxbe*, 498 F.2d 1017 (D.C. Cir. 1974) (FBI must expunge information when reporting agency later reported information disputing accuracy of original information).

Expungement lies within the equitable discretion of the court on a case by case basis. *Doe v. United States*, 110 F. Supp. 3d 448, 454 (E.D.N.Y. 2015). A request for expungement is usually granted only in extreme circumstances, after examining it individually on its merits to determine the proper balancing of the equities. *Id*. The balancing test is the government's need to maintain arrest records against the harm that the records can cause citizens. *Id.* at 455. If the government's need does not outweigh the harm caused, expungement is warranted.

An arrest record alone can create serious adverse consequences for an individual who has been arrested in the past notwithstanding the ultimate disposition of the case. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial… opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved." *United States v. Schnitzer*, Supra, at 539, *quoting Menard v. Mitchell,* 430 F.2d 486, 490 (1970). Moreover, an arrest record can be expunged when arrest procedure rendered judicial determination of probable cause impossible. *Sullivan v. Murphy*, 478 F.2d 938 (D.C. Cir. 1973). The Principle is well established that a court may order the expungement of records, including arrest records, when that remedy is necessary to preserve basic rights." *Id*.

///

### III. ARGUMENT

*1) This Court should grant Mr. Achrem's request for Expungement as it is unopposed by the Government.*

Subsequent to the August, 2016 dismissal of Mr. Achrem's case pursuant to the Petty Offense Plea Agreement, the undersigned contacted counsel for the Government and inquired whether Government counsel had any objection to the expungement of the record of arrest of Mr. Achrem. Counsel for the Government has no objection to this request and has no objection to the undersigned filing this motion as unopposed.

*2) This Court should grant Mr. Achrem's request for Expungement of his record of arrest as there is no legitimate Governmental reason for retention of the record and there is a likelihood of harm to Mr. Achrem if the record is retained.*

This Court has the power to expunge the record of an unlawful arrest or conviction, or to correct a clerical error. See *United States v. Sumner*, supra at 1014. In this case, the Court has the authority to expunge a criminal record to correct Mr. Achrem's unlawful and erroneous arrest for Driving under the Influence. Mr. Achrem's blood/breath alcohol concentration was unequivocally under the legal limit of .08 at the time he was arrested and he was ***never charged*** with the offense of Driving under the Influence. While the final disposition of the dismissal of a speeding violation to which Mr. Achrem pled pursuant to the Petty Offense Plea Agreement may, at first blush, seem to resolve the issue, the reality is that it does not. Although Mr. Achrem was not driving under the influence and was never charged with that offense, the records related to this allegation remain a public record, accessible to any person or entity that searches Mr. Achrem by name. Moreover, the arrest of Mr. Achrem is identifiable in any background search which would be conducted by any entity looking to research Mr. Achrem for any reason.

Mr. Achrem has been a law abiding citizen for the entirety of his life and, prior to this incident, has no record of citation or arrest for any offense. This instant offense was Mr. Achrem's first, and last, contact with the criminal justice system as a suspect or a defendant. This fact is very

important to Mr. Achrem both personally and professionally, as he has been a practicing attorney and member of the bar in good standing for nearly four (4) decades.

As in *Sullivan,* <u>supra,</u> the arresting officer had no sufficient probable cause to arrest Mr. Achrem for Driving under the Influence. Mr. Achrem was arrested for this offense even though the breath test results, taken contemporaneously to his arrest, showed that Mr. Achrem was ***not*** driving impaired. Further, Mr. Achrem's case is an extreme circumstance. Although he was originally charged with Driving under the Influence, he was never charged with that offense. Likewise, while he was charged with reckless driving, the Government dismissed that charge when Mr. Achrem pled guilty to speeding pursuant to the Petty Offense Plea Agreement (which also was later dismissed). In reality, the entirety of the conduct for which Mr. Achrem currently has an arrest record for Driving under the Influence, amounts to him driving an estimated 21 miles per hour over the speed limit.[3] When applying the general rule from *Rosen,* <u>supra,</u> the arrest records of Mr. Achrem do not serve to protect society. Mr. Achrem's arrest was for a non-violent, misdemeanor, crime for which he was never charged. The factual allegation giving rise to the speeding allegation was a non-violent traffic infraction that is a clearly isolated incident given Mr. Achrem's completely blameless criminal history. The Government's retention of this record of arrest serves no purpose whatsoever of benefiting society or protecting the greater good. Conversely, this blemish on Mr. Achrem's documented criminal history is a violation of his right to privacy.

Using the balancing test from *Doe*, <u>supra,</u> this Court should find that the government's need to maintain Mr. Achrem's arrest records does not outweigh the individual harm to Mr. Achrem. Mr. Achrem is 64 years old and was never arrested before this allegation, nor has he been since. There is simply no need to retain this record. However, there is good reason to remove this invalid arrest from Mr. Achrem's criminal history because of the harm it could cause him. Mr. Achrem has

---

[3] Mr. Achrem was estimated to be driving 56 miles per hour in a zone he believed to be a 55 miles per hour zone, but was in actuality a 35 mile per hour zone.

been a resident of Nevada and a member of the bar in this jurisdiction for nearly 40 years. He enjoys a clean personal and professional record and the presence of this arrest on his record could likely be damaging to Mr. Achrem should this Court not grant this expungement request. Given the totality of the circumstances of this case, coupled with the lack of a legitimate interest in the Government's retention of this record and Mr. Achrem's legitimate interest in having this record expunged, this is a perfect circumstance for the Court to exercise its inherent or ancillary jurisdiction to expunge this record of arrest.

### III. CONCLUSION

In light of the foregoing facts, law and analysis, Mr. Achrem hereby moves this Court UNOPPOSED to expunge his record of arrest for Driving under the Influence.

Dated this 17th day of May, 2018.

**HOFLAND & TOMSHECK**

By: _____*/s/ J. Tomsheck*_____
Joshua Tomsheck, Esq.
Nevada State Bar No. 9210
josht@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910
Attorney for Defendant

**IT IS SO ORDERED** this 29th day of May, 2018.

_/s/ Peggy A. Leen_
Peggy A. Leen
United States Magistrate Judge